**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **JANELL CRAGHEAD, for herself and all others similarly situated,** | : | |
| 1120 S. Belmont Ave., | : | Case No.: 3:22-cv-308 |
| Springfield, OH 45505 | : | |
| | : | JUDGE: |
| | : | |
| v. | : | MAGISTRATE JUDGE: |
| | : | |
| **TRAIL TAVERN OF YELLOW** | : | |
| **SPRINGS, LLC d/b/a YE OLDE** | : | **Jury Demand Endorsed Hereon** |
| **TRAIL TAVERN,** | : | |
| c/o Statutory Agent: Don Beard | : | |
| 421 Dayton St. | : | |
| Yellow Springs, OH 45387 | : | |
| | : | |
| and | : | |
| | : | |
| **DON BEARD,** | : | |
| 421 Dayton St. | : | |
| Yellow Springs, OH 45387 | : | |
| | : | |
| and | : | |
| | : | |
| **CHRISTINE BEARD,** | : | |
| 421 Dayton St. | : | |
| Yellow Springs, OH 45387 | : | |
| | : | |
| **Defendants.** | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COME Plaintiff Janell Craghead ("Plaintiff"), on behalf of herself and others similarly situated, and proffers this Complaint for damages against Defendant Trail Tavern of Yellow Springs, LLC d/b/a Ye Olde Trail Tavern, Defendant Don Beard, and Defendant Christine Beard (hereinafter referred to collectively as "Defendants").

## JURISDICTION AND VENUE

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("R.C. § 4111"), the Ohio Prompt Pay Act, ("R.C. § 4113"), and § 34(a) of the Ohio Constitution.

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

3.     This Court has jurisdiction over Plaintiff's claims under the laws of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants are doing and have done substantial business in the Southern District of Ohio; Plaintiff performed work in the Southern District of Ohio; and all or some of the events giving rise to Plaintiff's claims arose in the Southern District of Ohio.

## THE PARTIES

5.     Plaintiff is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff resides in Clark County, Ohio.

6.     At all times relevant herein, Plaintiff was an "employee" of Defendants as defined by the FLSA and R.C. § 4111.

7.     Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime wages under the FLSA, 29 U.S.C. § 216 and R.C. § 4111.10. The consent is being filed along with the Complaint (attached as Exhibit A).

8.     Plaintiff, individually, seeks relief and damages pursuant to the Ohio Constitution related to Defendants' failure to provide timekeeping and payroll records to Plaintiff upon Plaintiff's written request.

9.     At all times relevant herein Defendants have been Plaintiff 's "employer" as that term is defined by the FLSA and R.C. § 4111.

10.     Defendant Trail Tavern of Yellow Springs, LLC d/b/a Yew Olde Trail Tavern ("Defendant Trail Tavern") is a Limited Liability Company registered to do business in Ohio and conducting business in the Southern District of Ohio.

11.     Defendant Don Beard is an individual, a United States citizen, and a resident of the state of Ohio.

12.     Defendant Don Beard is the co-owner of Defendant Trail Tavern and controls the pay policies and practices related to Defendants' employees.

13.     Defendant Christine Beard is an individual, a United States citizen, and a resident of the state of Ohio.

14.     Defendant Christine Beard is the co-owner of Defendant Trail Tavern and controls the pay policies and practices related to Defendants' employees.

15.     At all times relevant herein, Defendants have been jointly and individually, "employers" as that term is defined by the FLSA and OMFWSA, R.C. § 4111 *et. seq.*

16.     At all times relevant herein, Defendants were "covered employers" as defined in the FLSA and OMFWSA, R.C. § 4111 *et. seq.*

17.     At all times relevant herein, Defendants have mutually benefitted from the work performed by Plaintiff.

3

18.     At all times relevant herein, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

19.     At all times relevant herein, Defendants have shared the services of Plaintiff.

20.     At all times relevant herein, Defendants were engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000 during each the three years preceding this Complaint.

## FACTUAL BACKGROUND

21.     Defendants operate a restaurant located at 228 Xenia Ave., Yellow Springs, Ohio 45387 ("Ye Olde Trail Tavern").

22.     Defendants employ Team Members, including managers, hosts, servers, bussers, and kitchen staff, at Ye Olde Trail Tavern.

23.     Upon information and belief, Defendants employ 30 Team Members at any given time.

24.     At all times relevant herein, Team Members, including Plaintiff, are paid on an hourly basis.

25.     At all times relevant herein, Team Members, including Plaintiff, are not exempt from the minimum wage and overtime mandates.

26.     At all times relevant herein, Team Members, including Plaintiff, are not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

4

27.     Instead, Team Members, including Plaintiff, are paid their regular hourly rate for all hours worked ("straight time").

28.     Additionally, Team Members, including Plaintiff, receive a non-discretionary bonus payment for each hour of every shift they work during which Defendants reach certain daily revenue goals for food sales.

29.     Plaintiff was employed by Defendants between approximately April of 2021 and August 8, 2022.

30.     At the time of her hire, Plaintiff worked in the role of kitchen staff.

31.     Between approximately April 2021 and September 2021, Plaintiff was paid on an hourly basis at the rate of $15.00 per hour.

32.     In or around September 2021, Plaintiff was promoted to the role of kitchen manager.

33.     In this position, Plaintiff was paid on an hourly basis at a rate of $16.00 per hour.

34.     At all times throughout her employment, Plaintiff regularly worked between 43 and 76 hours per week.

35.     At all times throughout her employment, Plaintiff was not paid overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 in a workweek.

36.     Instead, Plaintiff was paid her regular hourly rate for all hours worked ("straight time").

37.     Additionally, Plaintiff received a $1.00 non-discretionary bonus payment for each hour of every shift that she worked during which Defendants reached $3,500 in daily revenue for food sales.

5

38. For each additional $1,000 in daily revenue for food sales, Plaintiff received an additional $1.00 non-discretionary bonus payment for each hour of that shift.

39. For example, if Plaintiff worked a shift during which Defendants reached $4,500 in daily revenue for food sales, Plaintiff's hourly rate was increased by $2.00 per hour for every hour she worked during that shift ($1.00 per hour at the $3,500 threshold, and an additional $1.00 per hour for each $1,000 increment thereafter).

40. The non-discretionary bonus payments were capped at an additional $5.00 per hour per shift.

41. On several occasions, Plaintiff complained to Manager Keegan McKenna and General Manager Tracy James that she was not receiving an overtime premium for hours worked in excess of 40 per workweek.

42. Plaintiff was informed that Defendants do not pay overtime.

43. Plaintiff's complaints were not addressed, and Defendants continued to violate the law.

44. Defendants willfully refused to pay Team Members, including Plaintiff, in accordance with the law.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. -
### Failure to Pay Overtime

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following:

**All current and former employees of Defendants', who were paid on an hourly basis, and worked more than 40 hours in any workweek between the three (3) years prior to the date of filing this Complaint through the date of conditional certification (hereinafter referred to as "FLSA Class").**

47.     Defendants subjected Plaintiff and the FLSA Class Members to the same unlawful pay policies and procedures by failing to pay them overtime at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

48.     Additionally, Defendants subjected Plaintiff and the FLSA Class Members to the same unlawful pay policies and procedures by failing to include non-discretionary bonus payments in their regular rates of pay for purposes of calculating overtime premium.

49.     This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as her own in bringing this action.

50.     These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

51.     In addition to the Plaintiff, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendants' company-wide refusal to pay an overtime premium for hours worked in excess of 40 per week.

52.     Plaintiff and the SSPs were paid on an hourly basis.

53.     Plaintiff and the SSPs were non-exempt employees.

54.     Plaintiff and the SSPs frequently worked more than 40 hours per week.

55.     Plaintiff and the SSPs were not paid an overtime premium for all hours worked in excess of 40 in each workweek. Instead, they were paid their regular hourly rate (or "straight time") for all hours worked.

56.     Defendants were aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

57.     Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

58.     Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation.  As a result, Plaintiff and the SSPs have been damaged.

<u>**COUNT II**</u>
**Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq.* -**
**Failure to Pay Overtime**

59.     All of the preceding paragraphs are realleged as if fully rewritten herein.

60.     Plaintiff brings this Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other similarly situated persons, including:

> **All current and former employees of Defendants', who were paid on an hourly basis, and worked more than 40 hours in any workweek between the two (2) years prior to the date of filing this Complaint through the date of conditional certification (hereinafter referred to as "Rule 23 Class").**

61.     Defendants subjected Plaintiff and the Rule 23 Class Members to the same unlawful pay policies and procedures by failing to pay them overtime at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

62.     Additionally, Defendants subjected Plaintiff and the FLSA Class Members to the same unlawful pay policies and procedures by failing to include non-discretionary bonus payments in their regular rates of pay for purposes of calculating overtime premium.

63.     The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. Upon information and belief, the Rule 23 Class consists of more than 45 current and former employees.

64.     Plaintiff is a member of the Rule 23 Class and her claim for unpaid overtime wages is typical of the claims of other members of the Class.

65.     Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

66.     Plaintiff has no interest antagonistic to or in conflict with interests of the Class that she is undertaking to represent.

67.     Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the Rule 23 Class.

68.     Questions of law and fact are common to the class, including:

a.  Whether Defendants violated the OMFWSA by failing to compensate, at a proper overtime premium, its hourly employees for all hours worked in a workweek in excess of 40.

b.  Whether Defendants established its payroll policy, knowing the policy violated the law and failed to compensate hourly employees for all hours worked in a workweek in excess of 40 at an overtime premium;

c.  Whether Defendants' violations were knowing and willful;

d.  What amount of unpaid overtime compensation is owed to Plaintiff and the other members of the Rule 23 Class as a result of Defendants' violation of the OMFWSA; and

e.  What amount of prejudgment interest is owed to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

69.  Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their current and former hourly employees.

70.  Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

71.  Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

72.  A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court.  Plaintiff and her counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim.

Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

73.     For Defendants' violation of R.C. § 4111, Plaintiff and the Rule 23 Class are entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

### COUNT III
### R.C. § 4113.15 – Failure to Tender Pay by Regular Payday

74.     All of the preceding paragraphs are realleged as if fully rewritten herein.

75.     Plaintiff asserts this claim under R.C. § 4113.15, which requires Defendants to compensate their employees within thirty (30) days of the performance of compensable work.

76.     Defendants failed to make proper wage payments to Plaintiff for all hours worked.

77.     By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. § 4113.15.

78.     As a result, in addition to the amount of wages owed to Plaintiff, Defendants are liable to Plaintiff for an amount equal to six percent of Plaintiff's unpaid wages claim or two hundred dollars per pay period, whichever is greater.

### COUNT IV
### Article II, Section 34a, Ohio Constitution & R.C. 4111.14 –
### Failure to Provide Payroll and Timekeeping Records

79.     All of the preceding paragraphs are realleged as if fully rewritten herein.

11

80.     Article II, Section 34a of the Ohio Constitution requires employers to maintain records for each employee showing that employee's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to an employee for a period of not less than three years following the last date that the employee was employed.

81.     Section 34a also requires employers to provide records of the employee's name, address, occupation, pay rate, hours worked for each day worked and each amount paid to the employee for a period of not less than three years following the last date the employee was employed, without charge, upon request to an employee or person acting on behalf of an employee.

82.     Plaintiff made a written request to Defendants by certified mail, through counsel, for her payroll and timekeeping records pursuant to the Ohio Constitution and R.C. § 4111.14.

83.     Defendants were required to provide Plaintiff with her payroll and timekeeping records within 30 days of receipt of her written request.

84.     Defendants knew or had reason to know that Plaintiff had made a written request for her payroll and timekeeping records.

85.     Defendants knew or had reason to know that they were required by law to provide Plaintiff with her payroll and timekeeping records within 30 days of her written request.

86.     Defendants failed to provide Plaintiff or Plaintiff's counsel with the requested payroll records within 30 days of receipt of Plaintiff's written request, or at any time thereafter.

87.     By failing to provide such records upon request of Plaintiff and/or Plaintiff's counsel, Defendants have violated Article II, Section 34a of the Ohio Constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and pray for the following relief:

A. Certification as a collective action of the FLSA Class as defined herein and appointment of Plaintiff and her counsel to represent the FLSA Class; enter an order directing Defendants to pay into a common fund for the benefit of Plaintiffs and all other members of the FLSA Class the total amount of damages to which Plaintiffs and the class are entitled, including unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. Enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 as defined herein and appointment of Plaintiff and her counsel to represent the Rule 23 Class; enter an order directing Defendants to pay into a common fund for the benefit of Plaintiff and all other members of the Rule 23 Class the total amount of damages to which Plaintiff and the Rule 23 Class is entitled, including unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees; injunctive relief for Defendants to cease violations of the Ohio Minimum Fair Wage Standards Act; and such other or additional relief deemed appropriate by the Court.

C. An award of an additional six percent of Plaintiff's unpaid wages, or two hundred dollars per pay period in which Defendants failed to properly compensate Plaintiff, whichever is greater, pursuant to R.C. 4113.15.

D.  An award of damages for Defendants' failure to provide Plaintiff's payroll records upon her written request through counsel.

E.  Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Carrie J. Dyer*_____
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com)
Rebecca L. Hill (0100972)
(Rebecca@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.

/s/ *Carrie J. Dyer*_____
Carrie J. Dyer (0090539)