UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JANELL CRAGHEAD,

    Plaintiff,

vs.

TRAIL TAVERN OF YELLOW
SPRINGS, LLC, *et al.*,

    Defendants.

Case No. 3:22-cv-308

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING WITHOUT PREJUDICE THE PARTIES' JOINT MOTION FOR APPROVAL OF THEIR JOINT STIPULATION FOR CONDITIONAL CLASS CERTIFICATION (Doc. No. 13); AND (2) DIRECTING THE PARTIES TO SUBMIT, BY SEPTEMBER 15, 2023, A JOINT MOTION OR ADDITIONAL BRIEFING IN LIGHT OF *CLARK V. A&L HOMECARE AND TRAINING CENTER, LLC*, 68 F.4TH 1003 (6TH CIR. 2023).**

---

    This civil case, arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a), is before the Court on the parties' joint motion for approval of their joint stipulation for conditional class certification, pursuant to 29 U.S.C. § 216(b).  Doc. No. 13.  The parties jointly "move . . . to conditionally certify, and to authorize the publication of notice to, the FLSA collective class[,]" whom they define as, "[a]ll current and former employees of Defendants[] who were paid on an hourly basis and worked more than 40 hours in any workweek between October 28, 2019[] and [the date this Court approves the Parties' joint Stipulation]."  *Id.* at PageID 54.

    In FLSA cases, "plaintiffs may litigate federal minimum-wage and overtime claims on behalf of other 'similarly situated' employees."  *Clark v. A&L Homecare & Training Ctr.*, 68 F.4th 1003, 1007 (6th Cir. 2023).  However, "[n]o employee shall be a party plaintiff to any such action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is

filed in the court in which such action is brought." 29 U.S.C. § 216(b). Thus, other employees may become parties in an FLSA lawsuit brought by the original plaintiff(s) "only if they affirmatively choose to do so[,]" *Clark*, 68 F.4th at 1007, and are "similarly situated." *Id.* How a district court chooses to facilitate notice of the litigation to potential plaintiffs is committed to that court's discretion. *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Until recently, district courts in the Sixth Circuit employed a two-step process for facilitating notice to potential plaintiffs. *See Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016). First came the "conditional certification" phase, which was held before discovery and required that the named plaintiffs "make a 'modest factual showing' that they are similarly situated to proposed class members." *Id.* (quoting *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015)). "This standard was 'fairly lenient' and typically resulted in conditional certification of the class for purposes of notification[,]" so "the existence of significant individualized issues did not preclude conditional certification." *Stewart v. First Student, Inc.*, No. 1:22 CV 2009, 2023 WL 441465, at *1 (N.D. Ohio July 7, 2023) (citing *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006)). The second step "occur[red] after the close of discovery and require[d] that the Court conclusively determine whether the named plaintiffs are 'in fact similarly situated' to any opt-ins." *Foley v. Wildcat Invs., LLC*, No. 2:21-cv-5234, 2023 WL 4485571, at *2 (S.D. Ohio July 12, 2023).

The Sixth Circuit recently clarified in *Clark* "the showing necessary [in FLSA cases] for the district court to facilitate notice to 'other employees'" who are similarly situated to FLSA plaintiffs. 68 F.4th at 1009. It first rejected the two-step process articulated above. *Id.* at 1009–10. The Sixth Circuit reasoned that the decision to facilitate notice "is analogous to a court's decision whether to grant a preliminary injunction" because both decisions require "that the

movant demonstrate to a certain degree of probability that [he or] she will prevail on the underlying issue when the court renders its final decision." *Id.* at 1010–11.  Accordingly, "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011. Such a showing "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.*

In the present case, the parties' joint motion relies upon the two-step procedure for FLSA actions rejected by *Clark*.[1]  *See* Doc. No. 13 at PageID 53–54; *Clark*, 68 F.4th at 1009–10; *see also, e.g.*, *McCall v. Soft-Lite LLC*, No. 5:22-cv-816, 2023 WL 4904023, at *4–5 (N.D. Ohio Aug. 1, 2023).  Therefore, the motion is **DENIED WITHOUT PREJUDICE**.  Doc. No. 13.  The parties are hereby **DIRECTED** to either refile their joint motion—indicating in said motion that there is a "strong likelihood" that the employees they identify are similarly situated to Plaintiff—or provide additional briefing clarifying how their request comports with *Clark*.  The parties have until **September 15, 2023** in which to submit their joint motion or additional briefing.

   **IT IS SO ORDERED.**

| | |
|---|---|
|   August 28, 2023 | s/ Michael J. Newman |
| | Hon. Michael J. Newman |
| | United States District Judge |

---

[1] To be fair, the parties filed their joint motion before the Sixth Circuit issued its decision in *Clark*.