UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JANELL CRAGHEAD,

    Plaintiff,

vs.

TRAIL TAVERN OF YELLOW
SPRINGS, LLC, *et al.*,

    Defendants.

Case No. 3:22-cv-308

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF JOINT STIPULATION OF PRELIMINARY DETERMINATION OF SIMILARLY SITUATED INDIVIDUALS FOR PURPOSES OF SENDING COURT-AUTHORIZED NOTICE TO POTENTIAL PLAINTIFFS (Doc. No. 15)**

---

This civil case, arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a), is before the Court on the parties' joint motion for approval of their joint stipulation for a preliminary determination of similarly situated individuals for purposes of sending court-authorized notice to potential plaintiffs pursuant to 29 U.S.C. § 216(b). Doc. No. 15. For the following reasons, the Court **GRANTS** the parties' joint motion and **APPROVES** their stipulation.

    **I.**    **LEGAL STANDARD**

The FLSA requires employers to compensate their employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 per workweek. 29 U.S.C. § 207. Section 216(b) of the FLSA further provides that an action "may be maintained against any employer…by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

In FLSA cases, "plaintiffs may litigate federal minimum-wage and overtime claims on behalf of other 'similarly situated' employees." *Clark v. A&L Homecare & Training Ctr.*, 68 F.4th 1003, 1007 (6th Cir. 2023). However, "[n]o employee shall be a party plaintiff to any such action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Thus, other employees may become parties in an FLSA lawsuit brought by the original plaintiff(s) "only if they affirmatively choose to do so[,]" *Clark*, 68 F.4th at 1007, and are "similarly situated." *Id.* How a district court chooses to facilitate notice of the litigation to potential plaintiffs is committed to that court's discretion. *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The Sixth Circuit recently clarified in *Clark* "the showing necessary [in FLSA cases] for the district court to facilitate notice to 'other employees'" who are similarly situated to FLSA plaintiffs. 68 F.4th at 1009. The decision to facilitate notice "is analogous to a court's decision whether to grant a preliminary injunction" because both decisions require "that the movant demonstrate to a certain degree of probability that [he or] she will prevail on the underlying issue when the court renders its final decision." *Id.* at 1010–11. Accordingly, "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011. Such a showing "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.*

Generally, named plaintiffs can establish they are "similarly situated" to their proposed potential plaintiffs when their claims are "unified by common theories of defendants' statutory violations, such as a single, FLSA-violating policy." *Gifford v. Northwood Healthcare Grp., LLC*, No. 2:22-cv-4389, 2023 WL 5352509, at *3 (S.D. Ohio Aug. 21, 2023) (internal quotations

2

omitted). A named plaintiff must show his or her position is similar to that of the potential plaintiffs, but it need not be identical, as long as the causes of action for the potential plaintiffs "accrued in approximately the same manner as those of the named plaintiff." *McElwee v. Bryan Cowdery Inc.*, No. 2:21-cv-1265, 2023 WL 4423880, at *12 (S.D. Ohio July 10, 2023) (internal quotations omitted). "Said differently, similarly situated opt-ins 'are those whose causes of action accrued in approximately the same manner as those of the named plaintiff.'" *Gifford*, 2023 WL 5352509, at *3 (citations omitted). There are numerous factors that have guided the Court's determination of whether named plaintiffs are similarly situated to potential plaintiffs, including whether the potential plaintiffs "performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Clark*, 68 F.4th at 1010. Whether potential plaintiffs are "subject to individualized defenses" is also considered. *Id.* However, it is well-settled that "individualized defenses alone" should not govern courts' analysis "where sufficient common issues or job traits otherwise permit collective litigation." *McElwee* at 2023 WL 4423880, at *12 (internal quotations omitted). Finally, courts also consider whether there is "evidence of a 'widespread' plan by the defendant." *Gifford*, 2023 WL 5352509, at *8. The primary goal of the similarly situated analysis is to determine whether collective litigation "would yield efficient resolution in one proceeding of common issues of law and fact" arising from the same allegedly unlawful activity. *Clark*, 68 F.4th at 1012.

## II. ANALYSIS

The Court finds that, pursuant to the Parties' stipulation, Plaintiff has made a sufficient showing that there is a "strong likelihood" she is similarly situated to her proposed FLSA Class, defined as:

3

> **All current and former employees of Defendants' who were paid on an hourly basis and worked more than 40 hours in any workweek between October 28, 2019 and May 10, 2024.**

The parties stipulate that Plaintiff Craghead and the FLSA Class were all paid on an hourly basis and were subject to the same timekeeping and payroll policies. Doc. No. 15 at PageID 71. Specifically, the parties stipulate that Plaintiff and the FLSA Class were allegedly not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. *Id.* The Parties have stipulated that there is a "strong likelihood" that Plaintiff Craghead and the FLSA class are similarly situated. *Id.* As such, pursuant to the parties' stipulation, this Court finds the sending of Court-Authorized Notice to Potential Plaintiffs appropriate.

### III. CONCLUSION

Accordingly, for good cause shown, this Court **APPROVES** the Parties' stipulation as to a preliminary determination of similarly situated individuals for purposes of sending court-authorized notice to potential plaintiffs. The Court **APPROVES** Court-Authorized Notice of this action to be sent to Plaintiff's proposed FLSA Class defined as:

> **All current and former employees of Defendants' who were paid on an hourly basis and worked more than 40 hours in any workweek between October 28, 2019 and May 10, 2024.**

The Court further **APPROVES** the form and substance of the Proposed Notice of Collective Action and Consent Form ("Notice Packet") and Reminder email, **Exhibits A and B** to the Parties' Joint Motion, respectively. Doc. Nos. 15-1, 15-2. The Court authorizes the Notice Packet to be sent to putative FLSA Class members and authorizes a 45-day "Notice Period" for individuals to return the Consent Forms. Plaintiff's Counsel shall also email the court-approved Notice Packet to the putative FLSA Class members on the same day the Notice Packet is mailed

and shall send a Reminder Notice email and text message to the putative FLSA Class members who have not yet responded within 30 days of sending the Notice Packet.

The Court **ORDERS** Defendant, within twenty-one (21) days of this Order, to identify all potential plaintiffs fitting the above FLSA Class definition by providing a list in electronic and importable format, of the name, names and last known mailing addresses, e-mail addresses, and dates of employment of all potential opt-in plaintiffs who fit the class definition to Plaintiff's counsel.  Plaintiff's counsel shall send to putative FLSA Class members the Notice Packet by mail and email within 14 days of receiving the contact information and verify the date of postmark with Defendant's counsel.

If any Notice is returned as undeliverable, one of the following actions shall occur: (1) if the individual is a current employee, Defendants shall verify the individual's correct home address and Plaintiff's counsel shall resend the Notice within five (5) business days; or (2) if the individual is a former employee, Plaintiff's counsel shall perform a skip-trace search and resend the Notice to the most recent additional and different mailing address found, if any, within five (5) business days.  For such persons, the Notice Period will be extended an additional fourteen (14) days after the second Notice is sent.  The second Notice will be updated to reflect this Extended Notice Period.  If any problems arise and the parties are unable to reach an agreement on these notice issues, the parties shall return to this Court for guidance.

**IT IS SO ORDERED.**

  May 10, 2024                              s/Michael J. Newman
                                                                Hon. Michael J. Newman
                                                                United States District Judge